SLR:BDM:MDH
F#2013V01326

**NO SUMMONS ISSUED**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

UNITED STATES OF AMERICA,

        Plaintiff,

  - against -

APPROXIMATELY SEVEN HUNDRED FORTY
THOUSAND FIVE HUNDRED TWENTY-TWO
DOLLARS AND EIGHTY-SEVEN CENTS
($740,522.87) SEIZED FROM TD BANK, N.A.
ACCOUNT NUMBER 4272848909 HELD IN THE
NAME OF COSMOPOLITAN TRAVEL SERVICES,
INC., AND ALL PROCEEDS TRACEABLE
THERETO.

        Defendant *In Rem*.

-------------------------------------------------------------X

CV 13-5683

VITALIANO, J.

**VERIFIED COMPLAINT**
***IN REM***

Civil Action No.

Plaintiff, United States of America, by its attorney, LORETTA E. LYNCH, United States Attorney for the Eastern District of New York, Melanie D. Hendry, Assistant United States Attorney, of counsel, alleges upon information and belief as follows:

## NATURE OF THE ACTION

1. This is a civil action *in rem* to forfeit and condemn to the use and benefit of the United States of America the above-captioned defendant funds, approximately $740,522.87 seized on or about June 11, 2013, from TD Bank, N.A. account number 4272848909 held in the name of Cosmopolitan Travel Services, Inc. (the "Subject Account"), and all proceeds traceable thereto (collectively, the "Defendant Funds").

2. The Defendant Funds are subject to forfeiture pursuant to 31 U.S.C. § 5317 as

property involved in or traceable to violations of 31 U.S.C. § 5324.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355.

4. Venue is proper pursuant to 28 U.S.C. §§ 1355 and 1395 in that acts giving rise to the forfeiture of the Defendant Funds occurred in the Eastern District of New York and the Defendant Funds are found in the Eastern District of New York.

## STATUTORY PROVISIONS

5. Pursuant to 31 U.S.C. § 5313(a) and its related regulations, when a domestic financial institution, including a bank, is involved in a transaction for the payment, receipt, or transfer of U.S. currency in an amount greater than $10,000, the institution shall file a currency transaction report ("CTR") for each cash transaction, such as, by way of example, a deposit, withdrawal, exchange of currency or other payment or transfer by, through or to a financial institution. CTRs are filed with the Financial Crimes Enforcement Network on forms that require disclosure of, among other information, the identity of the individual who conducted the transaction and the individual or organization for whom the transaction was completed. These regulations also require that multiple transactions be treated as a single transaction if the financial institution has knowledge that they are conducted by, or on behalf of, the same person and they result in currency either received or disbursed by the financial institution totaling more than $10,000 during any single business day.

6. Many individuals involved in illegal activities, such as narcotics trafficking, tax evasion and money laundering, are aware of the reporting requirements and take active steps to cause financial institutions to fail to file CTRs in order to avoid detection of the movement of

large amounts of cash. These active steps are often referred to as "structuring" and involve making multiple cash deposits or withdrawals in amounts less than $10,000.01 on the same day or consecutive days in order to avoid the filing of CTRs. Structuring is prohibited by 31 U.S.C. § 5324(a)(3).

7. Pursuant to 31 U.S.C. § 5324, it is a crime for an individual to (a) cause or attempt to cause a domestic financial institution to fail to file a CTR, (b) cause or attempt to cause a domestic financial institution to file a report required under § 5313(a) that contains a material omission or misstatement of fact, or (c) structure or assist in structuring any transaction for the purpose of evading the reporting requirements of 31 U.S.C. § 5313(a).

8. Pursuant to 31 U.S.C. § 5317, any property involved in or traceable to violations of 31 U.S.C. § 5324 is subject to forfeiture to the United States.

9. In any forfeiture action in which the subject property is cash deposited into a bank account, the government is not required to identify the particular funds involved in the offense, as any funds found in the same account within one year of the date of the offense are subject to forfeiture pursuant to 18 U.S.C. § 984.

## FACTS

10. Cosmopolitan Travel Services, Inc. ("Cosmopolitan") is an air travel ticket consolidator for domestic and international travel located at 237 W. 35th St., Suite 1006, New York, New York. Cosmopolitan buys airline tickets at a discount and then resells them to retail travel agencies.

11. The Subject Account is a business checking account opened in or around September 2012.

## Cosmopolitan's Prior Structuring Activity at JP Morgan Chase

12. In addition to the Subject Account, Cosmopolitan previously maintained a business checking account at JP Morgan Chase Bank (the "Chase Account"). A review of documents concerning the Chase Account showed that from in or around June 2012 through in or around December 2012, the Chase Account was involved in structuring activity totaling approximately $1,214,317.00.

13. In or around June 2012, a representative of JP Morgan Chase Bank ("Chase") advised Sanjeev Sarna ("Sarna"), an officer of Cosmopolitan and a signatory on both the Chase Account and the Subject Account, of the CTR requirements. Chase further advised Sarna that the structuring activity could not continue. Additionally, Chase advised Sarna that the Chase Account was subject to closure if Cosmopolitan did not cease the structuring activity.

14. Thereafter, the structuring activity continued. As a result, Chase ultimately closed the Chase Account in or around April 2013.

## Structuring Activity in the Subject Account During the Last Year

15. During the period from on or about September 20, 2012 through and including on or about March 25, 2013 (the "Relevant Period"), approximately 96 structured cash deposits totaling approximately $740,522.87 were made into the Subject Account. The deposits were made at multiple bank branches, including in Queens, New York and elsewhere.

16. Many of the structured deposits during the Relevant Period were made on either the same or consecutive days and were in amounts less than $10,000.01, the threshold amount that would have triggered the filing of a CTR.

17. During the Relevant Period, there were at least 16 instances (highlighted in bold on the charts below) where multiple cash deposits, each of which were below $10,000 but the

4

aggregate of which far exceeded $10,000, were made on a single business day.

18. A representative example of the structuring activity into the Subject Account during the period from on or about September 25, 2012 through on or about October 24, 2012, is set forth in the chart below. This chart sets forth the date, amount, branch location and time of each of the roughly 16 structured cash deposits totaling approximately $137,934.94 made during this period.

| DATE OF DEPOSIT | AMOUNT OF DEPOSIT | BRANCH LOCATION OF DEPOSIT | TIME OF DEPOSIT |
|---|---|---|---|
| 09/25/2012 | $9,000.00 | Jackson Heights | 4:30 PM |
| 09/26/2012 | $8,000.00 | Jackson Heights | 4:48 PM |
| 09/27/2012 | $9,000.00 | Hollis | 4:16 PM |
| 09/27/2012 | $7,425.00 | Jackson Heights | 4:24 PM |
| 09/28/2012 | $9,220.75 | Hollis | 4:43 PM |
| | | | |
| 10/03/2012 | $8,685.80 | Jackson Heights | 4:23 PM |
| 10/03/2012 | $4,700.00 | Hollis | 5:05 PM |
| | | | |
| 10/11/2012 | $9,200.00 | Hollis | 4:30 PM |
| 10/12/2012 | $8,027.00 | Hollis | 4:46 PM |
| 10/12/2012 | $10,000.00 | 36th & 7th | 4:57 PM |
| | | | |
| 10/17/2012 | $9,503.00 | Jackson Heights | 12:07 PM |
| 10/17/2012 | $9,858.00 | Prospect Park | 4:22 PM |
| 10/18/2012 | $9,443.25 | Hollis | 4:29 PM |
| 10/19/2012 | $9,200.00 | Astoria-Steinway | 4:59 PM |
| | | | |
| 10/24/2012 | $9,993.14 | Hollis | 4:22 PM |
| 10/24/2012 | $6,679.00 | Prospect Park | 5:50 PM |
| | | | |
| TOTAL: | $137,934.94 | | |

19. Similarly, from on or about January 16, 2013 through on or about February 11, 2013, roughly 19 structured cash deposits totaling approximately $150,517.40 were made into

5

the Subject Account. The chart below sets forth the date, amount, branch location and time of each of the structured cash deposits made during this period.

| DATE OF DEPOSIT | AMOUNT OF DEPOSIT | BRANCH LOCATION OF DEPOSIT | TIME OF DEPOSIT |
|---|---|---|---|
| 01/16/2013 | $9,900.00 | 36th & 7th | 3:10 PM |
| 01/16/2013 | $9,000.00 | Jackson Heights | 3:57 PM |
| 01/16/2013 | $5,044.00 | Broadway | 4:43 PM |
| 01/16/2013 | $6,000.00 | Jackson Heights | 5:05 PM |
| 01/16/2013 | $9,473.60 | Jackson Heights | 5:50 PM |
|  |  |  |  |
| 01/23/2013 | $9,227.50 | Hollis | 4:57 PM |
| 01/24/2013 | $9,372.30 | Hollis | 10:21 AM |
| 01/24/2013 | $8,299.00 | Jackson Heights | 12:49 PM |
| 01/24/2013 | $7,553.80 | Middle Village | 2:35 PM |
| 01/24/2013 | $4,884.00 | Prospect Park | 5:53 PM |
|  |  |  |  |
| 01/30/2013 | $9,874.20 | Jackson Heights | 1:18 PM |
| 01/30/2013 | $3,000.00 | Jackson Heights | 3:05 PM |
| 01/30/2013 | $7,330.00 | Jackson Heights | 5:57 PM |
|  |  |  |  |
| 02/04/2013 | $9,580.00 | Jackson Heights | 10:54 AM |
| 02/04/2013 | $8,445.00 | Jackson Heights | 2:01 PM |
| 02/07/2013 | $8,400.00 | Borough Park | 12:26 PM |
| 02/07/2013 | $9,175.00 | Hollis | 3:43 PM |
| 02/07/2013 | $6,056.00 | Morris Park | 3:44 PM |
|  |  |  |  |
| 02/11/2013 | $9,900.00 | Jackson Heights | 10:13 AM |
|  |  |  |  |
| TOTAL: | $150,517.40 |  |  |

20. Additionally, from on or about February 28, 2013 through on or about March 21, 2013, roughly 18 cash deposits totaling approximately $139,112.00 were made into the Subject

6

Account. The chart below sets forth the date, amount, branch location and time of each of the structured cash deposits made during this period.

| DATE OF DEPOSIT | AMOUNT OF DEPOSIT | BRANCH LOCATION OF DEPOSIT | TIME OF DEPOSIT |
|---|---|---|---|
| 02/28/2013 | $5,000.00 | Hollis | 10:38 AM |
| 02/28/2013 | $8,000.00 | Avenue J | 4:58 PM |
| 02/28/2013 | $9,900.00 | Jackson Heights | 8:07 PM |
| | | | |
| 03/06/2013 | $9,750.00 | Jackson Heights | 2:07 PM |
| 03/07/2013 | $6,940.00 | Jackson Heights | 5:03 PM |
| 03/07/2013 | $9,327.00 | Hollis | 5:09 PM |
| 03/07/2013 | $8,000.00 | Prospect Park | 5:10 PM |
| | | | |
| 03/12/2013 | $6,965.00 | Jackson Heights | 12:13 PM |
| 03/12/2013 | $6,000.00 | Jackson Heights | 3:02 PM |
| 03/14/2013 | $8,880.00 | Jackson Heights | 2:15 PM |
| 03/14/2013 | $9,700.00 | Jackson Heights | 7:40 PM |
| | | | |
| 03/18/2013 | $6,000.00 | Jackson Heights | 1:34 PM |
| 03/18/2013 | $5,000.00 | Jackson Heights | 3:13 PM |
| 03/18/2013 | $7,905.00 | Jackson Heights | 3:47 PM |
| 03/21/2013 | $8,425.00 | Hollis | 4:46 PM |
| 03/21/2013 | $8,000.00 | Jackson Heights | 7:05 PM |
| 03/21/2013 | $9,800.00 | Jackson Heights | 7:44 PM |
| 03/21/2013 | $5,520.00 | Jackson Heights | 7:49 PM |
| | | | |
| TOTAL: | $139,112.00 | | |

21.     On or about June 11, 2013, United States Magistrate Judge Robert M. Levy issued a seizure warrant, finding that there was probable cause to believe that at least $740,522.87 was structured into the Subject Account during the Relevant Period, and that such funds are subject to forfeiture pursuant to 31 U.S.C. § 5317 as property involved in violations of 31 U.S.C. § 5324.

22.     On or about the same day, agents of the Department of Treasury, Internal Revenue Service, Criminal Investigations executed the warrant issued by Magistrate Judge Levy,

which resulted in the seizure of the Defendant Funds.

## CLAIM FOR RELIEF

23. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 22 above as if fully set forth herein.

24. The Defendant Funds were involved in, or are traceable to, violations of 31 U.S.C. § 5324.

25. As a result of the foregoing, the Defendant Funds, and all proceeds traceable thereto, are liable to condemnation and forfeiture to the United States pursuant to 31 U.S.C. § 5317(c).

WHEREFORE, plaintiff, United States of America, requests that a warrant of this Court issue for the arrest of the Defendant Funds; that notice of these proceedings be given to all interested persons; that after further proceedings the Defendant Funds be forfeited and condemned to the use of the United States of America; and that plaintiff be awarded its costs and disbursements in this action, and such other and further relief as this Court deems just and proper.

Dated: Brooklyn, New York
      October 15, 2013

                              LORETTA E. LYNCH
                              United States Attorney
                              Eastern District of New York
                              *Attorney for Plaintiff*
                              271 Cadman Plaza East
                              Brooklyn, New York 11201

                    By: *[signature]*
                              Melanie D. Hendry
                              Assistant United States Attorney
                              (718) 254-6040

## **VERIFICATION**

Gregory J. Lopez hereby declares as follows:

1. I am a Detective with the Suffolk County Police Department assigned to the Suffolk Treasury Enhanced Prosecution Program Task Force ("STEPP") at the Internal Revenue Service, Criminal Investigation Division in the New York Field Office and, as such, have knowledge of the facts underlying this action.

2. I have read the within verified complaint *in rem* and know the contents thereof.

3. The matters contained in the within verified complaint *in rem* are true and accurate to the best of my knowledge, information and belief.

4. The source of my information and the grounds for my belief are my personal knowledge, information provided by other law enforcement officers, and the official files and records of the Internal Revenue Service and other law enforcement agencies.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: Brooklyn, New York
       October 15, 2013

                                                Gregory J. Lopez
                                                Detective
                                                Suffolk County Police Department
                                                Internal Revenue Service (STEPP)